IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MUSTAFA ALI,** | : | |
| Plaintiff | : | |
| | : | No. 1:23-cv-00691 |
| v. | : | |
| | : | (Judge Rambo) |
| **LAUREL HARRY**, *et al.*, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, on this 26th day of July 2023, for the reasons set forth in the Memorandum accompanying this Order, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 6) is **GRANTED**;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent, Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the

    Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid.  Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined;

5. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** in part, as follows:

    a. Plaintiff's Eighth Amendment medical indifference claims are **DISMISSED** without prejudice against defendants Donald O'Brien, Christine Houser, Michelle Donovan, and Dr. Baddick pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

    b. Plaintiff's state-law negligence claim against "Unknown Cert. Team Members" is **DISMISSED** without prejudice for lack of subject matter jurisdiction;

    c. The Clerk of Court is directed to terminate defendants "Unknown Cert. Team Members";

6. Plaintiff, if desired, may file an amended complaint in accordance with the accompanying Memorandum within **21 days** of the date of this Order;

7. Plaintiff may not include unrelated claims and defendants in his amended pleading that would violate Federal Rule of Civil Procedure 20, as set forth in more detail in the accompanying Memorandum; and

8. If no amended complaint is timely filed, this case will proceed on Plaintiff's Eighth Amendment medical indifference claims against defendants Dr. Stanish and Wellpath only.

                                                s/ Sylvia H. Rambo
                                              United States District Judge